## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**TIMOTHY E. WALKER,**

        Petitioner,

v.                        **CIVIL ACTION NO. 5:22-CV-246**
                                      Judge Bailey

**M.J. BAYLESS,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On October 7, 2022, the *pro se* petitioner, Timothy E. Walker ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Petitioner is a federal inmate who is housed at FCI Morgantown in Morgantown, West Virginia, and is challenging the calculation of his sentence and application of time credits. On December 14, 2022, respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 13]. On December 30, 2022, petitioner filed a response, [Doc. 17], on January 13, 2023, respondent filed a reply, [Doc. 18], and on January 27, 2023, petitioner filed a response to the reply, [Doc. 20]. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Motion to Dismiss, or in the Alternative, for Summary Judgment be granted and the petition be denied and dismissed without prejudice.

## II. BACKGROUND[1]

### A. Conviction and Sentence

On June 5, 2018, petitioner was charged in a multi-count superseding indictment in the United States District Court for the Eastern District of Tennessee. On February 26, 2019, petitioner pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On August 8, 2019, petitioner was sentenced to a total term of 97 months imprisonment.

Petitioner did not file an appeal. According to the Bureau of Prison's ("BOP") website, petitioner's projected release date, via good conduct time, is January 13, 2024.

### B. The Instant Petition for Habeas Corpus Under § 2241

In his petition, petitioner alleges that the BOP has failed to calculate and apply his First Step Act time credits. Petitioner appears to be referring to time credits set forth in 18 U.S.C. § 3632(d)(4). For relief, he asks the Court to order the BOP to award him time credits and transfer him as soon as he is eligible to prerelease custody.

On December 14, 2022, respondent filed the Motion to Dismiss, or in the Alternative, for Summary Judgment. In respondent's memorandum in support of the Motion, respondent argues, first, that petitioner has failed to exhaust his administrative remedies prior to filing this suit. Second, respondent argued that petitioner's time credits

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. See **United States v. Brown et al**, 3:18-CR-00036-TAV-DCP-1 (E.D. Tn. 2018). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

have since been applied and petitioner has received a halfway house date of May 9, 2023. In respondent's reply, respondent further notes that respondent is receiving the full benefit of the First Step Act in 365 days towards supervised release.

### III.  LEGAL STANDARDS

**A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction.  A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment.  ***Adams v. Bain***, 697 F.2d 1213, 1219 (4th Cir. 1982); ***Mims v. Kemp***, 516 F.2d 21 (4th Cir. 1975).  Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  See ***Materson v. Stokes***, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  See Fed. R. Civ. P. 12(h)(3).

**B.  Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' ***Bell Atl. Corp. v. Twombly***, 550 U.S. 554, 570 (2007) (emphasis added)." ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all

doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).  In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion."  **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  *Id*. at 396–97.

**C.    Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).  A genuine

4

issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323–25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." **McClung v. Shearin**, 90 F. App'x

5

444, 445 (4th Cir. 2004) (citing ***Carmona v. United States Bureau of Prisons***, 243 F.3d 629, 634-35 (2d Cir.2001), ***Little v. Hopkins***, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. ***Booth v. Churner***, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. ***Porter v. Nussle***, 534 U.S. 516, 524 (2002) (citing ***Booth***, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" ***Porter***, 534 U.S. at 524.

Pursuant to ***McClung***, failure to exhaust may only be excused upon a showing of cause and prejudice. As recognized in ***Carmona***, *supra*, which was cited by the Fourth Circuit in its opinion in ***McClung***:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

***Carmona***, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the

6

complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, it is undisputed that petitioner did not complete this process *prior* to filing his petition in this case. As summarized by petitioner, after filing a remedy at his facility, petitioner appealed to the Mid-Atlantic Regional Office on July 7, 2022; that appeal was denied on September 16, 2022. On September 27, 2022, he appealed to the Central Office, but that remedy was rejected on October 14, 2022, for failure to include the Mid-Atlantic Regional Office's response. Petitioner then re-filed on November 1, 2022. However, the petition in this case was filed October 7, 2022, before petitioner properly filed his appeal with the Central Office and indeed before he had received a response on the Central Office filing which was rejected. "Administrative law requires proper exhaustion of administrative remedies, 'which means using all steps that the agency holds out, and doing so *properly*.'" **Woodford v. Ngo**, 548 U.S. 81, 81 (2006) (citation omitted). Petitioner contends that exhaustion would be futile "because the Respondent has already predetermined the manner in which Petitioner will be treated." [Doc. 17 at 4]. He also argues that exhaustion should be excused because he will suffer undue prejudice by being required to exhaust because of the amount of time it will take. [Id.]. However, the undersigned finds these arguments unpersuasive. First, petitioner's claim that respondent has already predetermined his treatment is undercut by that since the filing

of this suit respondent has changed its calculation of petitioner's Time Credits. Second, the undersigned is likewise unpersuaded by petitioner's argument that exhaustion should be excused because of the amount of time they will take, particularly where petitioner had already completed a significant portion of the process but stopped short of finishing his appeal to the Central Office.  "To any extent that Petitioner believes exhaustion of remedies in this matter is futile because his sentence will have ended before he could complete the remedy process, exhaustion is not waived simply because a habeas petitioner believes that the length of the administrative process would preclude him from receiving full relief."  **Reese v. Heckard**, No. 5:22-CV-00033, 2022 WL 4100849, at *5 (S.D. W.Va. Aug. 5, 2022) (Eifert, M.J.), *report and recommendation adopted*, No. 5:22-CV-00033, 2022 WL 4100268 (S.D. W.Va. Sept. 7, 2022) (citations omitted).  Accordingly, the petition should be dismissed for failure to exhaust administrative remedies.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment [**Doc. 13**] be **GRANTED** and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Further, the undersigned recommends that the pending Motion Requesting Petition be Treated as Emergency [**Doc. 7**] be **DENIED AS MOOT**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  April 12, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE